IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02936-REB-KLM

MUTUAL OF OMAHA BANK,

    Plaintiff,

v.

GARY W. MCKEE, of McKee Enterprises, and any and all occupants claiming an interest under the defendant,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Remand to State Court** [Docket No. 6; Filed December 1, 2011] (the "Motion to Remand") and on Defendant's **Reasons Why I (Gary McKee) Would Like to Be Given a New Schedual [sic]** [Docket No. 9; Filed January 6, 2012] (the "Motion to Reset"). Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

### I. Summary of the Case

Defendant filed a Notice of Removal [#1] on November 10, 2011, removing Case 2011CV3393 to this Court from the District Court of Jefferson County in Golden, Colorado. The case involves a proceeding against Defendant brought by Plaintiff pursuant to Colo. R. Civ. P. 120 ("Rule 120"). *See Motion to Remand* [#6] at 6-7 (Ex. 1, Rule 120, Orders

Authorizing Sales Under Powers). On August 9, 2011, Plaintiff filed a motion requesting an Order Authorizing Sale pursuant to Rule 120 in order to authorize the public trustee to conduct a non-judicial foreclosure sale of Defendant's real property. *See id.* That same day, Plaintiff mailed a copy of the Notice of foreclosure to Defendant. *See id.* at 8-11 (Ex. 2, Notice; Ex. 3, Certificate of Mailing and Posting of Notice). Christopher Bridwell ("Bridwell") of 4MT Compliance responded to the Notice on behalf of Defendant, stating that there was improper service of process because 4MT Compliance had obtained the rights to the property in January 2008, and, therefore, 4MT Compliance was the proper party to be served. *See id.* at 12-13 (Ex. 4, Verified Response to a Rule 120 Notice).

On September 8, 2011, the District Court of Jefferson County held a hearing as a result of Bridwell's response. *See id.* at 14 (Ex. 5, Order Authorizing Sale). Bridwell did not appear, but Defendant did, although he did not provide a defense to Plaintiff's pending motion to authorize sale. *See id.* The court found that default had occurred and accordingly entered an Order Authorizing Sale of the property. *See id.* Defendant claims that the property was sold on November 2, 2011 but that the bidding process was rigged. *See Notice of Removal* [#1] at 3.

By filing the Notice of Removal [#1] on November 10, 2011, Defendant has attempted to remove the Rule 120 proceeding to this Court from the District Court of Jefferson County. *See id.* Defendant avers that this Court has federal question and supplement jurisdiction pursuant 28 U.S.C. §§ 1332 and 1367. *See id.* at 4-5. He asserts that Plaintiff has violated the Supremacy Clause of the United States Constitution and various statutory violations concerning "securities laws, fair debt collection practices, unfair and deceptive practices, conspiracy against rights, and other civil rights violations." *See*

*id.* at 5. Defendant avers that Plaintiff is not entitled to the real property underlying the foreclosure proceedings and, presumably, seeks return of the title. See *id.* at 4. On December 1, 2011, Defendant filed this Motion to Remand [#6].

## II. Standard of Review

Pursuant to 28 U.S.C. § 1441, a state-court defendant may remove the action to federal court "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Pursuant to 28 U.S.C. § 1446, the notice of removal must have "a short and plaint statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The removing party has the burden of demonstrating the appropriateness of the removal. *See Baby C v. Price*, 138 Fed. App'x 81, 83 (10th Cir. 2005).

When considering Defendant's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

Removal in this matter is defective in several ways. First, the state-court action underlying this matter is a Rule 120 proceeding, involving an administrative process to authorize and confirm a foreclosure sale. Defendant may not remove such an action to federal court. *See Bank of America: Nat'l Ass'n v. Sladek*, No. 11-cv-02842-BNB, 2011 WL 5459492, at *2 (D. Colo. Nov. 10, 2011).

Second, there is no support for removal of the action based on Defendant's asserted federal-question-jurisdiction claims. To establish such jurisdiction, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except in rare circumstances not present in this matter, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Johnson*, 404 F.3d at 1247. Thus, counterclaims raised by Defendant pursuant to the United States Constitution or other federal laws are not removable.

Third, Defendant's removal is untimely. Pursuant to 28 U.S.C. § 1446(b):

> Notice of removal of any civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff filed its Motion for Order Authorizing Sale on August 9, 2011. At the hearing on September 8, 2011, Defendant appeared and gave testimony. *See Motion to Remand* [#6] at 6-7 (Ex. 5, Order Authorizing Sale). The District Court of Jefferson County found that the requirements of Rule 120 had been fulfilled, which necessarily included the notice and service requirements of Rule 120(b). *See id.* The District Court of Jefferson County then

issued the Order Authorizing Sale that same day. Thus, even assuming that, at the latest, Defendant received proper notice of the lawsuit on September 8, 2011, his filing of the Notice of Removal on November 10, 2011 was well outside the thirty-day period permitted by 28 U.S.C. § 1446(b). See *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (stating that "the purpose of the starting of the period of the limitations is important to allow the defendant to intelligently ascertain removability so that in his petition for removal he can make a simple and short state statement of the facts").

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion to Remand [#6] be **GRANTED**. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Reset [#9] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 23, 2012

BY THE COURT:

/s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge